**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TITLEMAX OF DELAWARE, INC. D/B/A TITLEMAX, TITLEMAX OF OHIO, INC. D/B/A TITLEMAX, TITLEMAX OF VIRGINIA, INC. D/B/A TITLEMAX, AND TMX FINANCE OF VIRGINIA, INC., : : : : : : | CIVIL ACTION |
| Plaintiff, : : | |
| v. : : | No. 17-1325-MPT |
| ROBIN L. WEISSMANN, in Her Official Capacity as Secretary of the Pennsylvania Department of Banking and Securities, : : : : | |
| Defendant. : : | |

**AMENDED SCHEDULING ORDER**

This **1** day of **April**, 2020, the Court having conducted scheduling and planning conferences pursuant to Federal Rule of Civil Procedure 16(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration, and pursuant to the joint request of the parties;

APR 1 2020

IT IS ORDERED that:

U.S. DISTRICT COURT DISTRICT OF DELAWARE

1. Discovery.

   a. Discovery Cut Off. All fact discovery in this case shall be initiated so that it will be completed on or before **March 5, 2020**.[1]

   The Court encourages the parties to serve and respond to contention

---

[1] The allowable methods and limitations of discovery set forth in the Scheduling Order (D.I. 36) remain the same.

1

interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

        b.     <u>Expert Discovery</u>. No expert testimony shall be taken in this matter.

        c.     <u>Discovery Matters</u>. Should counsel find they are unable to resolve a discovery matter or other matters covered by this provision,[2] the parties involved shall contact chambers at (302) 573-6173 to schedule a telephone conference. At that time, counsel shall advise which parties have disputes, and each moving party shall raise no more than three (3) issues per motion/teleconference. Thereafter, the moving party or parties shall each file a "Motion for Teleconference To Resolve Discovery Dispute(s)."[3]

The following procedures shall apply:

        (1)     Not less than seventy-two (72) hours prior to the conference, *excluding* weekends and holidays, the party seeking relief shall file a letter with the Court, not to exceed four (4) pages, in no less than 12 point font, outlining the issues in dispute and its position on those issues. Not less than forty-eight (48) hours prior to the conference, *excluding* weekends and holidays, any party opposing the application for relief may file a letter, not to exceed four (4) pages, in no less than 12 point font, outlining that party's reason for its opposition.

        (2)     Attachments/Exhibits: Generally, there should be limited attachments or exhibits to the letters. For example, in a protective order dispute, only the provisions at issue should be attached. Similarly, regarding interrogatory/request for production issues, only the disputed interrogatory or request for production and the responses as they exist at

---

[2] To meet the import of that phrase, counsel, including Delaware counsel, are expected to *verbally* discuss the issues/concerns before seeking the Court's intervention.

[3] The suggested text for this motion can be found on the Court's website in the "Forms" tab, under the heading "Discovery Matters-Motion to Resolve Discovery Disputes."

the time of the letter submissions should be attached.[4] The parties attempts to resolve and/or narrow the issues as contained in letters or emails shall not be included; however, suggested solutions to the issues shall be included in the letter submissions. Cases/transcripts cited and relied upon in the letter submission may be attached as exhibits.

(3) To the extent factual issues are disputed or central to the Court's analysis,[5] *non-conclusory,* sworn declarations, *only to the extent necessary* to establish the facts, shall be attached as exhibit(s).

(4) A proposed order, attached as an exhibit, setting out in detail the nature of the relief requested, including the date by which the requested relief is to be completed.

The same procedure outlined above shall apply to protective order drafting disputes, except a "Joint Motion for Teleconference To Resolve Protective Order Dispute," shall be filed and the parties are limited to a total of three (3) issues with one submission each. The submissions shall include the party's proposal of the content for the disputed portion(s) of the protective order.

Should the Court find further briefing necessary upon conclusion of the telephonic conference, the Court will order it. Disputes or issues covered by the provisions contained herein regarding motions for extension of time for briefing case dispositive motions

---

[4] The history through emails, letters and meet-and-confers resulting in modification of the original interrogatory or request for production shall not be attached. If the interrogatory or request for production is modified to which an objection remains, only the modified interrogatory/request for production and the answer/response shall be attached, and only the current positions of the parties shall be reflected in the letter submissions.

[5] For example, matters addressing attorney-client privilege, work product doctrine, common interest doctrine, sufficiency of privilege log and other similar issues often involve factual evidence for which affidavits may be required. See *RCA v. Data General,* C.A. No. 84-270-JJF, 1986 WL 15693 (D. Del. July 2, 1986); *Willemijn Houdstermaatschaapij v. Apollo Computers, Inc.,* 707 F. Supp. 1429 (D. Del. 1989).

3

which are related to discovery matters are to be addressed in the first instance in accordance with this paragraph.

No motions to compel or motions for protective order shall be filed absent approval of the court. Absent expressed approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

Counsel shall provide a list of the teleconference participants, either by including the list on a separate page with the letters, or fax to Chambers at 302-573-6445 at the same time the letters are e-filed. If the list is included with the letters, it will not be counted as part of the page limitation for the letter submission.

2. Application to Court for Protective Order. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of protective order, the Default Discovery Confidentiality Order shall govern until agreement is reached or the matter is resolved pursuant to Paragraph 2c above.

Any proposed order should include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this litigation, the Court does not intend to preclude another court from finding that information relevant and subject to disclosure in another case. Any person or party subject to this order who in other proceedings becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that party may have an opportunity to appear and be heard in the other proceeding.

3. Papers Filed Under Seal. When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

4

4. <u>Stipulation of Facts</u>. The parties shall jointly file a comprehensive stipulation of all uncontested facts on or before **April 1, 2020**.

5. <u>Case Dispositive Motions</u>. Plaintiffs shall file their case dispositive motion, an opening brief, and affidavits, if any, in support of their motion on or before **April 1, 2020**. Unless the Court directs otherwise, no case dispositive motion may be filed at a time before the date set forth in this paragraph. Defendant shall file a response to Plaintiffs' case dispositive motion, and an opening brief and affidavits in support of Defendant's case dispositive motion, if any, on or before **May 4, 2020**. Plaintiffs shall file their reply to case dispositive motions on or before **May 18, 2020**. Defendant shall file her sur-reply to case dispositive motions on or before **June 1, 2020**. Briefing will be presented pursuant to the Court's Local Rules, except as may be modified during the scheduling conference. If the matter is scheduled for a bench trial, no case dispositive motions shall be filed without prior authorization of the Court.

Any reference to exhibits in the briefs must refer to the specific pages of the exhibit proffered in support of a party's argument. If the exhibit is a deposition, both the page and line numbers must be specified.[6]

6. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

7. <u>Pretrial Conference</u>. On **October 15, 2020**, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at **9:30 a.m.** Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure

---

[6] For example, a reference to an exhibit that refers to the entire document will not be accepted and is not consistent with this provision.

5

requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order on or before **October 8, 2020**.

8.  Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

9.  Jury Instructions, Voir Dire, and Special Verdict Forms. This case is not scheduled for a jury trial.

MPT 4/1/2020

10. Trial. This matter is scheduled for a one day trial beginning at **8:30 a.m.** on **October 29, 2020**. Counsel will be advised during the Pretrial Conference the length of time that will be allocated to each side to present their case. The time allocated shall be equal for each side.

UNITED STATES MAGISTRATE JUDGE

In light of the modifications to the briefing schedule, paragraphs 7, 8 and 10 shall be addressed after a decision is rendered on case dispositive motions as noted in paragraph 5.