**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

TITLEMAX OF DELAWARE, INC.,　　　:
TITLEMAX OF OHIO, INC.,　　　　　:
TITLEMAX OF VIRGINIA, INC., and　:
TMX FINANCE OF VIRGINIA, INC.,　 :
　　　　　　　　　　　　　　　　:
　　　　　　　　Plaintiffs,　　　:
　　　　　　　　　　　　　　　　:
　　　　v.　　　　　　　　　　　:　　　C. A. No. 1:17-cv-01325-MPT
　　　　　　　　　　　　　　　　:
ROBIN L. WEISSMANN,　　　　　　 :
　　　　　　　　　　　　　　　　:
　　　　　　　　Defendant.　　 :

## ORDER

　　　　TitleMax of Delaware, Inc., TitleMax of Ohio, Inc., TitleMax of Virginia, Inc., and

TMX Finance of Virginia, Inc. (collectively, "TitleMax") brought this action against Robin

L. Weissmann (the "Secretary"), in her official capacity as Secretary of the

Commonwealth of Pennsylvania Department of Banking and Securities ("the

Department").[1] TitleMax's Amended Complaint challenged the legality of an

Investigative Subpoena for the Production of Documents and Information (the

"Subpoena")[2] issued by the Department pursuant to Pennsylvania state law that was

being litigated by the same parties in Pennsylvania state court.[3] The parties filed cross-

motions for summary judgment in this court on the constitutionality of the Subpoena.[4]

On December 7, 2020, the court granted summary judgment in favor of TitleMax and

against the Department ("MSJ Opinion").[5]

---

[1] D.I. 5 (Amended Complaint).

[2] D.I. 44-1, Ex. 1.

[3] D.I. 5.

[4] D.I. 45; D.I. 48.

[5] *TitleMax of Del., Inc. v. Weissmann*, 505 F. Supp.3d 353 (D. Del. 2020).

On December 21, 2020, TitleMax filed a Motion for Recovery of Attorneys' Fees and Expenses as a prevailing party in this action Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 54(d) and 42 U.S.C. § 1988 ("Motion").[6]

On January 4, 2021, during the pendency of briefing on the Motion, the Department filed a Notice of Appeal of challenging the MSJ Opinion.[7] On January 24, 2022, the Third Circuit "reverse[d] the judgment in favor of TitleMax and direct[ed] that the District Court enter judgment in favor of the Department."[8] On February 24, 2022, after expiration of the time to file a petition for rehearing, the Third Circuit issued its Mandate.[9]

In light of the Third Circuit's decision, TitleMax is not the prevailing party in this action and TitleMax's Motion (D.I. 57) is DENIED. The Department's Motion for Leave to File Sur-Reply (D.I. 66) is DENIED as MOOT.

March 1, 2022

_____/s/ Mary Pat Thynge_____
CHIEF U.S. MAGISTRATE JUDGE

---

[6] D.I. 57. The Department also filed a Motion for Leave to File Sur-Reply in Opposition to TitleMax's Fees Motion (D.I. 66).

[7] D.I. 61. The case was docketed by the Third Circuit Court of Appeals on January 6, 2021 at No. 21-1020. *See* D.I. 62 (Notice of Docketing Record of Appeal).

[8] *TitleMax of Del., Inc. v. Weissmann*, 24 F.4th 230, 241 (3d Cir. 2022).

[9] *See* D.I. 70 (Judgment); D.I. 70-1 (Mandate Letter) (enclosing "the certified judgment . . . in lieu of formal mandate . . . to be treated in all respects as a mandate").